# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-02735 -LTB

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**

  Plaintiff,

v.

**PEDIATRIC NURSING CERTIFICATION BOARD, GILLILAND ASSOCIATES, INC. d/b/a MELNIC CONSULTING GROUP, LINDY LEE MOAKE and JILL GILLILAND,**

  Defendants.
_____

## AMENDED COMPLAINT FOR DECLARATORY RELIEF
_____

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, by its attorneys, Ruebel & Quillen, LLC, as its Amended Complaint against the Defendants PEDIATRIC NURSING CERTIFICATION BOARD, GILLILAND ASSOCIATES, INC. D/B/A MELNIC CONSULTING GROUP, LINDY LEE MOAKE, and JILL GILLILAND states and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff American Family Mutual Insurance Company (the "American Family") is a mutual insurance company domiciled in Wisconsin and authorized to and doing business in Colorado.

2. Defendant Pediatric Nursing Certification Board [PNCB] is a not-for-profit American Family with its principal place of business in Maryland. PNCB does business in Colorado and purposely avails itself of the right to transact business in Colorado.

1

3. Defendant Gilliland Associates, Inc. d/b/a Melnic Consulting Group [Melnic] is a Colorado corporation doing business in the Colorado.

4. Upon information and belief, Lindy Lee Moake is an adult individual who is a resident of the State of Texas.

5. Jill Gilliland is an adult individual who, upon information and belief, is a resident of the State of California.

6. The United States District Court has federal question jurisdiction over this action pursuant the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 (the "Act").

7. Venue in the United States District Court for the State of Colorado is proper because the Defendant Melnic is a Colorado corporation and some of the alleged wrongful acts occurred in Colorado; the parties are all residents of differing states; this case involves a claim for coverage under a liability insurance policy issued to Melnic within this District; and a real case in controversy exists between the parties as alleged below.

8. Jurisdiction over all of the Defendants is proper because the Defendants transacted business in Colorado; purposefully availed themselves of the opportunity to do or did do business in Colorado; and Plaintiff contracted to insure a person, property or risk located in Colorado.

**GENERAL ALLEGATIONS**

9. The property damage alleged by PNCB in the Underlying Case occurred during one or more of Plaintiff's insurance policy periods. There are also allegations in the Complaint in the Underlying Case which may trigger defense and indemnity obligations on the part of Plaintiff.

10. American Family issued the attached Business Key Policy (the "American Family Policy") (attached as Exhibit A) to Melnic for the benefit of Melnic. The Policy is identified as No. 05 HX8903-01 and has an effective period from January 16, 2019 to January 16, 2020.

11. Among other terms and conditions contained in the American Family Policy are the following definitions:

> *13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*
>
> *\* \* \**
>
> *17. "Property damage" means:*
>
> *a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
>
> *b. Loss of use of tangible property that is not physically injured. All such loss of use shall not be deemed to occur at the time of the "occurrence" that caused it.*
>
> *For purposes of this insurance, electronic data is not tangible property.*
>
> *As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from, computer software, including systems and applications software, hard or floppy disks, CD–ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.*

12. The claims and damages asserted by PCNB may not constitute "property damage" arising out of an "occurrence."

13. PNCB has not alleged physical injury to any tangible property, but instead merely alleges copyright protected Exam forms are unusable.

14. To the extent that PNCB'S claims constitute "property damage" as defined by the Business Key policy, in order for liability coverage to exist for "property damage" under the above-quoted insuring agreement, the "property damage" must have been caused by an "occurrence."

15. The Complaint asserts the alleged conduct was done "knowingly." While the term, "accident," is not defined in the policy, Colorado courts have defined it "as an unanticipated or unusual result flowing from a commonplace cause." Thus, the conduct may not be covered.

16. To the extent that Plaintiff's claims constitute "property damage" arising out of an "occurrence," the following exclusions of the Business Key Coverage Form, may apply:

> *2.   Exclusions*
>
> *This insurance does not apply to:*
>
> *a.   Expected or Intended Injury*
>
> *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*
>
> *\* \* \**
>
> *p.   Electronic Data*
>
> *Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.*
>
> *As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.*
>
> *\* \* \**

17. The policy also contains Endorsement CG 21 38 11 85, which may exclude coverage and provides in pertinent part as follows:

> *EXCLUSION – PERSONAL AND ADVERTISING INJURY*
>
> *This endorsement modifies insurance provided under the following:*
>
> *COMMERCIAL GENERAL LIABILITY COVERAGE PART.*
>
> *COVERAGE B (Section I) does not apply and none of the references to it in the Coverage Part apply.*

18.   The American Family policy has an endorsement that completely excludes personal and advertising injury coverage, making irrelevant any claims are for copyright infringement of an advertisement.

4

19. The policy also contains Endorsement IL 75 02 04 98, which provides in pertinent part as follows:

***PUNITIVE DAMAGE EXCLUSION***

*\* \* \**

***The insurance afforded by this policy does not apply to any claim or judgment for punitive or exemplary damages, except as follows:***

***If a suit is brought against an insured with respect to a claim for damages to which this policy applies, seeking both compensatory and punitive or exemplary damages, then we will defend that suit without liability for any punitive or exemplary damages.***

20. PNCB is seeking punitive damages in its Complaint in the Underlying Action.

21. The Policy may not provide coverage for any award of punitive damages.

22. Each Defendant is a person or entity with an existing or potential interest in the outcome of the claims for declaratory relief in this action and each is, therefore, an indispensable party to this declaratory judgment action pursuant to F.R.C.P. 19(a).

23. Plaintiff is a "person interested under a . . . written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a . . . contract" who has standing to seek a declaration of rights pursuant to F.R.C.P. 57(b) and the Federal Declaratory Judgment Act (the "Act"), 28 U.S.C. 2201.

24. All parties have existing or potential interest in the outcome of the declaratory judgment claims herein and, therefore, all parties are indispensable to any declaratory judgment action involving the Plaintiff's Insurance Policy and any subsequent judgment pursuant to F.R.C.P. 19(a) and the Act.

25. An actual controversy has arisen and now exists between American Family and defendant PNCB and defendants Gilliland and Moake. A complaint has been filed seeking damages. American Family may owe its insured duties and obligations under Colorado law.

American Family seeks a determination of its rights and duties with regards to its insured(s) and the defendant PNCB and PNCB's claims and claims for extensive damages caused by Defendants Gilliland and Moake's alleged scheme to undermine the PNCB's board certification process for Gilliland's own financial gain. American Family also seeks a determination concerning their respective rights and duties in that PNCB alleges elements and claims seeking recovery of PNCB's secure, trade secret and copyright-protected CPNP-AC Exam items under theories of:

    a. copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501 *et seq.;*

    b. misappropriation of trade secrets in violation of the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836;

    c. Misappropriation of trade secrets in violation of the Texas Uniform Trade Secrets Act;

    d. Tortious interference with existing contractual relationships under Texas law; and

    e. Civil conspiracy under Texas law.

26. American Family states there is a question whether the Complaint asserts "property damage," which includes "loss of use of tangible property that is not physically injured."

27. The Underlying Complaint does allege that Plaintiff's copyright Exam forms that were circulated by the insured are no longer "useable."

28. The Complaint in the Underlying Action does not allege PNCB was deprived of the actual physical use of their products, but rather they are choosing to retire the Exams due to integrity concerns.

29. American Family asserts that the policy language regarding "loss of use" of tangible property does not include solely economic loss.

30. Defendants Gilliland and Moake have tendered their defense of the Complaint in the Underlying Action to American Family. American Family denies it owes any defense or indemnity

obligation for the PNCB suit. American Family has, however, been defending Gilliland and Moake under a reservation or rights.

31. Definitions, exclusions and other provision cited above may be relevant to the question of the duties, rights and obligations it may owe to its insured in the underlying action.

32. Plaintiff American Family desires a judicial determination of its rights and duties, and a declaration as to its, rights, duties and obligations with regards to the Defendants. A judicial declaration is necessary and appropriate at this time under the circumstances in order that plaintiff may ascertain its rights and duties.

## CLAIM FOR RELIEF

### (Declaratory Judgment – All Defendants)

33. Plaintiff incorporates by reference Paragraphs 1-32 above as if set forth fully herein.

34. Plaintiff incorporates all allegations supporting joinder under F.R.C.P. 57 of "[a] ny person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

35. By its terms, the Declaratory Judgement Act is intended to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; it is to be liberally construed and administered, and this Court has the power and obligation to declare rights, status, and other legal relations of the parties whether or not further relief is or could be claimed.

36. American Family seeks a declaration that it is not obligated to provide defendants Gilliland and Moake with a defense or indemnification in connection with any and all claims

stemming from the data breach at issue and that PNCB is not entitled to any recovery under the policy.

37. American Family also seeks a declaration of its entitlement to reimbursement in full from Gilliland for any and all attorney's fees or related costs or expenses American Family has paid or will pay in connection with the data breach and the defense and settlement of the Underlying Action and any related proceedings and an award of damages consistent with such declaration.

38. The insurance contract between American Family that is the subject of this declaratory judgment action was issued to Defendant Gilliland in this District. Further, the alleged acts and omissions on the part of Gilliland and Moake that precipitated the claims for which coverage is sought took place in this District.

39. American Family requests this Court should find and declare that American Family is not required under the American Family Policy to pay to any portion of any award made under any claim, including but not limited to reasonable attorney fees awarded, prejudgment interest and post-judgment interest awarded ancillary to or made a part of those claims. American Family also requests this Court find it has no duty to defend or indemnify Gilliland or Moake for any claims asserted in the Complaint in the Underlying Action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff American Family requests that this Court enter an Order:

1. Declaring that Defendants American Family has no liability and/or judgment entered in the Underlying Case attributable to any claims, plus any and all costs, including, but not limited to reasonable attorney fees awarded, and pre- and post-judgment interest attributable to those claims;

2. Declaring that Defendant American Family has no duty to defend or indemnify Gilliland and/or Moake for any attorney's fees, costs or other expenses related to the defense of any claim asserted in the Underlying Action against defendant Gilliland and/or Moake; and

3. For such other relief the Court deems just and proper.

Dated this 31st day of October, 2019.

    *s/ Jeffrey Clay Ruebel*
Jeffrey Clay Ruebel
Ruebel & Quillen, LLC
8462 Turnpike Drive, Suite 206
Westminster, CO 80031
888-989-1777
Fax: 303-362-5724
Jeffrey@rq-law.com
Attorneys for Plaintiff American Family Mutual Insurance