**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 19-cv-02735 -LTB

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**

      Plaintiff,

v.

**PEDIATRIC NURSING CERTIFICATION BOARD, GILLILAND ASSOCIATES, INC.**

**d/b/a MELNIC CONSULTING GROUP, LINDY LEE MOAKE and JILL GILLILAND,**

**PLAINTIFF AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S
RESPONSE TO DEFENDANT PEDIATRIC NURSING CERTIFICATION BOARD'S
MOTION TO DISMISS**

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, by its attorneys, Ruebel &
Quillen, LLC, submits the following Response to Defendant Pediatric Nursing Certification
Board's Motion to Dismiss. Plaintiff states:

## I.      INTRODUCTION

This declaratory judgment action requests the Court to interpret an insurance contract
entered in the state of Colorado between a Colorado corporation, Defendant Gilliland Associates,
Inc. d/b/a Melnic Consulting Group ("Melnic"), and Plaintiff American Family Insurance Company
("American Family").  Colorado law is to be applied when interpreting the policy.

Defendant Pediatric Nursing Certification Board ("PNCB") has an interest in this
declaratory judgment action as a possible third-party beneficiary to the insurance policy. If it were
to prevail in its claims against Melnic, it could seek to satisfy any monetary judgment by garnishing
the insurance policy. Thus, a determination of whether there is coverage is sought by American
Family.

1

Although PNCB is a Maryland corporation, it provides and administers its Certified Pediatric Nurse Practitioner Acute Care Exam ("CPNP-AC Exam") to individuals in Colorado, in addition to most other states. [Paragraph 4, Underlying action Amended Complaint, Exhibit A]. This is alleged to be a secure, proctored, computer-based examination delivered at test centers in Colorado and nationwide. Nursing candidates in Colorado can access PNCB's Candidate Handbook and information on what to expect on the day of the administration of the CPNP-AC Exam. *[Id*., Paragraph 29]. Thus, PNCB has purposefully directed its products at the residents of the state of Colorado with the expectation that those exams would be paid for and taken by Colorado nursing candidates.

The underlying action arises from PNCB's claim of copyright infringement related to its CPNP-AC Exam which it temporarily discontinued in Colorado due to this claim, *Pediatric Nursing Certification Board v. Gilliland Associates, Inc. d/b/a Melnic Consulting Group, Lindy Lee Moake, and Jill Louise Gilliland*, 2019 CV01642 in the U.S. District Court for the Northern District of Texas.{Attached as Exhibit A].

This Court has federal question jurisdiction over this action pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §§2201. The parties to this action are domiciled in various states. This action seeks a determination of coverage under the terms of an insurance policy entered in Colorado insuring a Colorado corporation and subject to Colorado law. This Court has proper jurisdiction over this action and all defendants. Defendant PNCB has not disclaimed any interest in the benefits of the insurance policy. Further, although domiciled in Maryland, has purposefully availed itself of the laws of Colorado by directing its CPNP-AC Exam at residents of Colorado and administering its CPNP-AC Exam to residents of Colorado within Colorado. This Court may exercise personal jurisdiction over PNCB and its Motion to Dismiss should be denied.

## II.   FACTUAL BACKGROUND

1.      PNCB admits that it develops and <u>administers</u> the CPNP-AC Exam in forty-six states, including Colorado.  *See*, Declaration of Kathleen Hurley, ¶3, APP.002 to Defendant PNCB's Motion to Dismiss.

2.      The CPNP-AC Exam is a secure, proctored, computer-based examination delivered at test centers in Colorado and nationwide.  *See*, ¶19 of PNCB's Amended Complaint in 2019CV01642 in the U.S. District Court for the Northern District of Texas ("PNCB Complaint from Underlying Action"), APP.006 to Defendant PNCB's Motion to Dismiss.

3.      PNCB actively administers its exams in Colorado by ensuring that test centers in Colorado are staffed by no less than two professional test center administrators trained in the CPNP-AC security rules, regularly monitoring the conduct of candidates inside the exam room, conducting video and audio surveillance of the check-in area and exam room, and confirming every candidate's CPNP-AC registration through PNCB's registration system.  *See*, ¶35(a)-(i) of PNCB Complaint from Underlying Action, APP.019 to Defendant PNCB's Motion to Dismiss.

4.      Upon learning of a potential breach of copyright and trade secret protection, PNCB "promptly withdrew the Exam from all testing centers", including from Colorado testing centers.

5.      The State of Colorado requires a passing score on PNCB's CPNP-AC Exam as a condition of licensure to practice as an Acute Care Pediatric Nurse Practitioner.  *See*, ¶4 of PNCB's Complaint from Underlying Action, APP.006 to Defendant PNCB's Motion to Dismiss.

## III.   LEGAL STANDARD

When a district court rules on a F.R.C.P. 12(b)(2) motion to dismiss for lack of personal jurisdiction based on affidavits and other written materials, as in this case, the plaintiff need only make a *prima facie* showing of personal jurisdiction to defeat the motion.  *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). In deciding a motion to dismiss, the allegations in the complaint must be taken as true to the extent that they are uncontroverted by the defendant's affidavits and factual disputes must be resolved in the plaintiff's favor.  *Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992); *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990).

To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of

jurisdiction does not offend the due process clause of the Fourteenth Amendment. *Burger King v. Rudzewicz*, 471 U.S. 462 (1985).    The Declaratory Judgment Act at 28 U.S.C. §§2201 does not provide for nationwide service of process and therefore F.R.C.P. 4(k)(1)(A) requires this Court to apply the law of the state in which it sits.  Colorado's long-arm statute at C.R.S. §13-1-124 confers the maximum jurisdiction permissible consistent with the Due Process Clause. *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008).  Thus, the first, statutory, inquiry effectively collapses into the second, constitutional, analysis. *Id*.

   Fourteenth Amendment due process requires that the defendant have minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A nonresident defendant must by word or conduct purposefully avail itself of the laws of the forum state to an extent which implies that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1990).  "The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *Id.*; *see also*, *Fischer v. BMW of N. Am., LLC*, 376 F. Supp. 3d 1178 (D. Colo. 2019). A single transaction of business in a state may be sufficient to satisfy the minimum contacts requirement. *Van Schaack & Co. v. District Court*, 538 P.2d 425 (Colo. 1975).

   In examining whether to exercise personal jurisdiction, courts are to inquire whether exercising jurisdiction would offend traditional notions of fair play and substantial justice. Courts should look at such factors as (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the

interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Watson v. Dillon Co., Inc.*, 615 F. Supp. 2d 1221 (D. Colo. 2009).

## IV.   ARGUMENT

Plaintiff American Family must make a *prima facie* showing that jurisdiction is legitimate under the laws of Colorado and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment. *Burger King*, 471 U.S. 462 (1985).  A due process inquiry is all that is necessary because the Colorado long-arm statute extends jurisdiction to the maximum extent allowed by the Due Process Clause.  *Rome v. Reyes*, 2017 COA 84; C.R.S. §13-1-124. Plaintiff must show that defendant PNSB purposefully established "minimum contacts" in Colorado.  *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  An "out-of-state defendant's contacts with the forum state may give rise to either general (all-purpose) jurisdiction or specific (case-linked) jurisdiction." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017).

This declaratory judgment action is seeking a determination of whether Plaintiff American Family is obligated to provide a defense or indemnification under the American Family policy issued to Melnic stemming from the claims that PNCB has brought regarding the alleged data breach related to the CNCP-AC Exam in the Underlying Action.  Further, American Family seeks a determination of its duties and obligations to PNCB. Although the insurance policy is a contract between American Family and Melnic, this action seeks an interpretation of the policy language with respect to its coverage of the claims brought by PNCB regarding its CNCP-AC Exam. An injured party may be a third-party beneficiary of the insurance policy whose interest is to be protected in insurance cases. *Bohrer v. Church Mut. Ins. Co.,* 965 P.2d 1258, at 1266 (Colo. 1998).

The jurisdictional analysis for Defendant PNCB focuses on PNCB's contacts with the State of Colorado relevant to its CNCP-AC Exam. Colorado's Long-Arm Statute conveys personal jurisdiction over PNCB for this matter under C.R.S. §13-1-124(1)(a), (b) and (d).

**A.    This Court has general jurisdiction over PNCB due to its continuous and systematic contact with the residents of Colorado in providing and administering its CNCP-AC Exams to Colorado nursing candidates.**

General jurisdiction over a non-resident defendant is found even when the cause of action does not arise out of the forum related activity, where there are substantial continuous contacts with the forum state. *Doe v. National Medical Services*, 974 F.2d 143 (10th Cir. 1992). General jurisdiction is appropriate when a nonresident defendant has "continuous and systematic" general business contacts with the forum state such that the defendant could reasonably anticipate being haled into court in that forum. *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408 (1984); *Keefe v. Kirschenbaum, P.C.*, 40 P.3d 1267, 1271 (Colo. 2002). "If the defendant's contacts with the state are strong enough, the state may assert jurisdiction over the defendant on *any* matter." *Doe*, 974 F.2d at 146.

PNCB has admitted it actively and continuously administers its CNCP-AC Exam at test sites in Colorado to nursing candidates that reside in Colorado. *See*, ¶¶3,4,19, and 35(a)-(i) of PNCB Complaint from Underlying Action, APP.019 to Defendant PNCB's Motion to Dismiss. This is not a situation where PNCB has a passive public website that operates in every state. See *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002) (describing standard for finding personal jurisdiction over internet or electronic activity)[1] (*cited by Schader v.*

---

[1] "A State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts. Under this standard, a person who simply places information on the Internet does not subject himself to

*Biddinger*, 633 F.3d 1235 (10th Cir. 2011)).  Rather, PNCB takes specific actions within the State of Colorado to administer its CNCP-AC Exam, as admitted in its Complaint in the Underlying Action.  PNCB also directly solicits nursing candidates from Colorado to its website to register for its CNCP-AC Exam.  PNCB performs activities in Colorado to provide the test site with trained personnel, to provide audio and video surveillance, and actively monitors the test sites.  All of the contacts, considered in their totality and not in isolation confer jurisdiction.  *Rome v. Keyes*, 2017 COA 84.

In summary, PNCB has had continuous and systematic business contact with the residents of Colorado, subjecting it to general personal jurisdiction in this district.  *See*, C.R.S. §13-1-124(1)(a).

**B.**      **This Court has specific jurisdiction over PNCB due to its minimum contacts purposefully directed at residents of Colorado in providing and administering its CNCP-AC Exams to Colorado nursing candidates.**

Specific jurisdiction is proper where an out-of-state defendant's contacts with the forum state are purposefully directed at the residents of the forum state and are related to the cause of action.  *Keefe*, 40 P.3d at 1271  The minimum contacts inquiry for specific jurisdiction is a two-part test assessing, (1) whether the defendant purposefully availed itself of the privilege of conducting business in the forum state, and (2), whether the litigation arises out of the defendant's forum-related contacts.  *Rome*, 2017 COA 84, *14; *Burger King*, 471 U.S. at 475.

---

jurisdiction in each State into which the electronic signal is transmitted and received. Such passive Internet activity does not generally include directing electronic activity into the State with the manifested intent of engaging business or other interactions in the State thus creating in a person within the State a potential cause of action cognizable in courts located in the State." *ALS Scan, Inc.*, 293 F.3d at 714.

As to the first prong, PNCB has purposefully solicited registrations and administered its CNCP-AC Exams to residents of Colorado.  By actively administering its Exam to residents of Colorado, PNCB has purposefully availed itself of the privilege of conducting business in Colorado.  "The Supreme Court has made clear that when a defendant has deliberately created 'continuing obligations' between himself and residents of the forum, he has manifestly availed himself of the privilege of conducting business there."  *Keefe*, 40 P.3d at 1271; *Burger King*, 471 U.S. 475-76.  PNCB delivers its product, the CBCP-AC Exam into the stream of commerce of Colorado with the expectation that Colorado nursing candidates will register for the Exam, take the Exam, and use their passing Exam results to become licensed Acute Care Pediatric Nurse Practitioner.  Placing their Exam into the stream of commerce directed at Colorado subjects PNCB to personal jurisdiction in Colorado.  *Watson v. Dillon Co., Inc.*, 615 F. Supp. 2d 1221 (D. Colo. 2007); *World-Wide Volkswagen Corp*, 444 U.S. at 297.

As to the second prong, this declaratory judgment action arises out of PNCB's development and administration of its CNCP-AC Exam in Colorado and nationwide.  Here, PNCB is claiming injury for an alleged data breach and misappropriation of test exam questions for its CNCP-AC Exam that was administered in Colorado.  PNCB withdrew its Exam from Colorado testing centers after learning of this alleged data breach.  This alleged data breach is at issue in this declaratory judgment action.

This action seeks a declaration as to American Family's duties under its insurance policy issued to Melnic to defend and/or indemnify for PNCB's claims. "Specific jurisdiction is premised on something of a *quid pro quo:* in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims

related to those contacts." *Dudnikov*, 514 F.3d at 1078. Asserting personal jurisdiction over PNSB in this district comports with fair play and substantial justice. *Int'l Shoe Co.*, 326 U.S. at 320.

To examine whether exercising personal jurisdiction would offend traditional notions of fair play and substantial justice, the court should look at such factors as (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Watson v. Dillon Co., Inc.*, 615 F. Supp. 2d 1221 (D. Colo. 2009).

The burden on the defendant PNSB is minimal since it is a corporation that is involved in test administration in forty-six states nationally, it likely already has procedures in place for retention of Colorado counsel and travel to Colorado.

The insurance policy at issue was formed in Colorado and insures a Colorado corporation, Melnic. "An insurance policy is a contract which should be interpreted consistently with the well settled principles of contractual interpretation." *Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 613 (Colo. 1999). The U.S. District of Colorado has a considerable interest in resolving a dispute regarding the interpretation of a contract entered in Colorado that insures an entity incorporated in Colorado. Application of Colorado law in this matter is necessary, and any subsequent appeal would be more appropriate through the Tenth Circuit.

Plaintiff American Family has a significant interest in receiving convenient and effect relief from the U.S. District Court of Colorado in making a determination as to the interpretation of its policy entered and issued in Colorado. Further, Plaintiff has a strong interest in having all the defendants in a single lawsuit rather than pursuing piecemeal litigation. In addition, since the

insurance contract was written in Colorado, it is somewhat nonsensical for PNCB to argue that the proper venue to determine its rights as a third-party beneficiary of that contract is properly in Maryland.

The interstate judicial systems' interest in efficient resolution of controversies is served by allowing this declaratory judgment action to proceed against all defendants in the U.S. District Court of Colorado, since a single lawsuit is more efficient than piecemeal litigation.  In making its jurisdictional determination, the Court cannot isolate each individual contact when assessing whether the Plaintiff has raised a reasonable inference of jurisdiction over defendant PNCB. Instead, the Court must consider the contacts in their totality.  *Rome v. Reyes*, 2017 COA 84 (Activities of sale of unregistered securities and unlicensed sales representative activity affecting the Colorado investment market was sufficient minimum contacts to establish specific jurisdiction). The most important defendant is the insured under the policy. It has the most to lose; it has a vested interest in obtaining a favorable ruling; and as a Colorado corporation, jurisdiction is most proper in Colorado. Further, jurisdiction in Colorado is appropriate in Colorado as the insurance policy is to be interpreted under Colorado law.

The shared states interest in a single lawsuit furthers the notions of fair play and substantial justice.  Justice is not served by fragmenting this litigation.  For example, a Maryland court is not as well-equipped to interpret a Colorado insurance policy's terms insuring a Colorado resident.

Plaintiff has established prima facie evidence of PNCB's sufficient minimum contacts with Colorado to establish *in personam* jurisdiction.  In fact, Plaintiff has relied primarily on admissions of PNCB set forth in its Complaint in the underlying action and attached as an Appendix to its Motion to Dismiss.

The two cases that Defendant PNCB cites from the Southern District of West Virginia and the District of Maryland are distinguishable and not controlling law.  In *United Financial Casualty Company v. Newsom*, No. 5:10-CV-00118, 2010 WL 4929123 (S.D. W.Va. Nov. 30, 2010) the defendant was an individual who lived in Texas and was injured in Texas.  The defendant had no contact whatsoever with West Virginia and therefore the District Court of West Virginia could not exercise personal jurisdiction over that individual. *Id*. at *9.  That is not the case here where PNCB is a national corporation who registers residents of Colorado through its website and specifically administers its Exams within the State of Colorado.

The case of *Transcontinental Ins. V. Eastern Steel Constructors, Inc.*, No. CCB 07-2243, 2008 WL 24665588 (D. Md. June 10, 2008) involved a personal injury lawsuit that arose out of a physical injury that occurred during a bridge construction project in West Virginia. The subcontract was entered into in Maryland. However, the subcontract specifically provided that the laws of the state where the project was located would govern the contract and that suits brought to enforce the contract shall be brought in that state, or West Virginia.  *Id.* at 2.  The District Court of Maryland, in denying personal jurisdiction and transferring the case to West Virginia, determined that the only contact with Maryland was the signing the subcontract and that was insufficient to establish minimum contacts.  *Id*.  That is not the case here.

Finally, PNCB is arguing out of both sides of its mouth, since in ¶9 its Complaint from the Underlying Action, PNCB asserts that the U.S. District Court of Texas may exercise personal jurisdiction over Colorado corporation Melnic for the same transactions at issue here.  Specifically, in support of its claim that Colorado corporation [Melnic] is subject to personal jurisdiction in the U.S. District Court of Texas, PNCB alleged:

> "Melnic has purposefully availed itself of the benefits and protections of Texas in this District.  Specifically, Melnic conducts its commercial test preparation business

11

in Dallas County, Texas, and solicits individuals working or living in Dallas County, Texas, to purchase its test preparation services, and collaborates in the promotion and production of live, in-person test preparation courses in Dallas County."

¶9 of Complaint from Underlying Action, APP.007-008 of Defendant's Motion to Dismiss.

Both PNCB and Melnic provide their exam services nationally.  PNCB cannot assert that Texas has personal jurisdiction over Colorado corporation Melnic for its exam study materials that residents of Texas and Colorado use to study and simultaneously argue that Colorado does not have personal jurisdiction over itself for its exam materials and administration that residents of Texas and Colorado use to become licensed practitioners.  The minimum contacts are present.

## V.    CONCLUSION

PNCB has had continuous and systematic business contact with the residents of Colorado, subjecting it to general personal jurisdiction in this district.  At the very least, PNCB's active administration of its CNCP-AC Exam to residents of Colorado for their licensure establishes that it has purposely availed itself of the privilege of conducting business in Colorado.  This declaratory judgment action seeks a declaration of the American Family's duties and obligations under the Colorado insurance policy related to the claims of data breach and copyright infringement for misappropriated exam questions from PNCB's CNCP-AC Exam, that is administered in Colorado. Personal jurisdiction over PNCB is proper in this district and comports with notions of fair play and substantial justice.

WHEREFORE, Plaintiff American Family Mutual Insurance Company requests this Court deny PNCB's Motion to Dismiss and find personal jurisdiction is proper over Defendant PNCB, and for any further relief as the Court deems proper.

Dated this 20th day of December, 2019.

_s/ Jeffrey C. Ruebel_

**Jeffrey Clay Ruebel**
**Julia L. Morgenthau**
Ruebel & Quillen, LLC
8461 Turnpike Drive, Suite 206
Westminster, CO 80031
Telephone: 888-989-1777
Fax: 303-362-5724
Email: Jeffrey@rq-law.com
Email: Julia@rq-law.com
_Counsel for Plaintiff American Family Mutual Insurance_
_Company_

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 20, 2019 a true and correct copy of the above and foregoing was served upon the counsel listed below through electronic filing on the date indicated.

**Christopher Bailey Trowbridge**
Bell Nunnally & Martin LLP
2323 Ross Avenue
Suite 1900
Dallas, TX 75201-2721
214-740-1400
214-740-1499 (fax)
Counsel for Defendant Pediatric Nursing Certification Board

**Marc Jacob Weinstein**
Marc J. Weinstein PLLC
41 University Drive
Suite 400
Newtown, PA 18940
215-847-3319
Counsel for Defendant Pediatric Nursing Certification Board

s/ *Susan Pensiero*
Susan Pensiero
*Paralegal for Plaintiff American Family*
*Mutual Insurance Company*