**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02735-LTB-NRN

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**

    Plaintiff,

v.

**PEDIATRIC NURSING CERTIFICATION BOARD,** *et al.***,**

    Defendants.

---

**DEFENDANT PEDIATRIC NURSING CERTIFICATION BOARD'S**
**REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS**

---

Defendant Pediatric Nursing Certification Board ("PNCB") offers the following argument and authorities in further support of its Motion to Dismiss [Docket No. 25].

**REPLY ARGUMENT AND AUTHORITIES**

**A.   Plaintiff fails to address *Goodyear* and *Daimler* in its general jurisdiction argument.**

In its general jurisdiction argument, Plaintiff failed to address the Supreme Court's most recent cases on the subject, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011), and *Daimler AG v. Bauman,* 571 U.S. 117 (2014). In *Goodyear*, the Supreme Court rejected the argument that "continuous activity" within a state supports general jurisdiction. 564 U.S. at 927.   The Supreme Court further clarified in *Daimler* that, absent exceptional circumstances, a plaintiff seeking to invoke general jurisdiction must prove that the defendant was "at home" in the forum state, and that "at home" for an entity means its state of formation or where it has its principal place of business. 571 U.S. at 137 & 139 n.19. Plaintiff does not dispute that

1

PNCB was formed under the laws of the state of Maryland and has its principal place of business in Maryland. Nor does Plaintiff argue that this case has characteristics that make it "exceptional."

Instead of addressing *Goodyear* and *Damlier*, Plaintiff rests its general jurisdiction argument on allegations in the underlying lawsuit that PNCB regularly conducts CNCP-AC Exams in Colorado and suggests that Plaintiff's examination activity supports its argument that PNCB has "continuous and systematic" contacts with Colorado. Pl.'s Resp. to Mot. to Dismiss at 6. Although arguments of this nature may have carried the day for plaintiffs prior to *Damlier*, merely showing "continuous and systematic" activity in a state no longer supports the exercise of general jurisdiction. 571 U.S. at 138-39. PNCB has no office in Colorado and no employees who conduct continuous operations there. Thus, PNCB does not have a home in Colorado, and Plaintiff cannot use general jurisdiction as a basis to hale PNCB into court in this State.

**B.     PNCB has no Colorado contacts that relate to the claims in this case.**

In its specific jurisdiction argument, Plaintiff fails to establish or even argue that PNCB engaged in any act in Colorado related to *this* litigation. Instead, Plaintiff makes a tenuous attempt to tie the fact that PNCB administers CNCP-AC tests in Colorado to the Texas litigation. Pl.'s Resp. at 8. Plaintiff argues that the examinations in Colorado amount to the placing of a product into the stream of commerce directed at Colorado. *See id*. This part of Plaintiff's argument relies on the stream of commerce analysis applied in *Watson v. Dillon Cos., Inc.*, 615 F. Supp. 2d 1221 (D. Colo. 2009), where the court found jurisdiction because the injury upon which the suit was based arose from the product the defendant placed in the stream of commerce. This is not a "stream of commerce" case because the injury PNCB suffered did not occur in Colorado or *arise* out of PNCB's administration of tests in Colorado. Rather, the injury (to PNCB) arose as a result of the

actions of others—specifically, Moake (a resident of Texas) and Gilliland (a resident of California)—who disseminated PNCB confidential information in violation of copyright laws and trade secret statutes. Plaintiff has failed to cite any evidence that Moake or Gilliland engaged in any injury-related conduct in Colorado, and even if Plaintiff could produce such evidence, a unilateral act of Moake or Gilliland does not create injury-related contact *by PNCB* with Colorado. In other words, no PNCB action that took place in Colorado caused the injury to PNCB that formed the basis for its action against Melnic, Gilliland, and Moake in Texas.

"The [proper] inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore,* 571 U.S. 277, 283-84 (2014) (internal quotations omitted). In other words, a plaintiff has to show (i) an act related to defendant, (ii) that the same act relates to the cause of action, and (iii) that the same act relates to the forum. Here, the litigation is about an insurance policy. There are no PNCB contacts related to the insurance policy at issue in this case. That precise point was made by the court in *Transcontinental Ins. Co. v. Eastern Steel Constructors, Inc.*, No. CCB 07-2243, 2008 WL 2466558 (D.Md. June 10, 2008) — that the contacts at issue for minimum contacts purposes were the contacts surrounding the insurance policy (its initiation, its negotiation, and its execution). *Id*., at *4. Because the non-party had no involvement with the insurance policy, the court lacked personal jurisdiction over the non-party. *Id*. The same is true in this case. PNCB had no involvement with the insurance policy at issue. Thus, the contacts that matter do not relate to PNCB.

In its response, Plaintiff also suggests, without the benefit of any supporting legal authority, that PNCB is in essence estopped from arguing against a finding of jurisdiction in this case because

PNCB's argument for the Northern District of Texas to exercise jurisdiction over Melnic in the Texas case rests on the premise that Melinc offers its test preparation services nationwide, in the same way that PNCB provides testing services nationwide. Pl.'s Resp. at 11-12.  However, plaintiff's argument relies on one paragraph in the Amended Complaint that does not include the numerous allegations throughout the Amended Complaint that support the Texas court's exercise of jurisdiction over Melnic in Texas.  As demonstrated in PNCB's Amended Complaint, PNCB alleged that Melnic engaged in extensive business activities through Moake in the Northern District Texas, and those activities were part of the basis for jurisdiction the Texas action.  Importantly, unlike PNCB's activities in Colorado, Melnic's activities in Texas were suit related.  Plaintiff can point to no analogous activities by PNCB in Colorado that relate to plaintiff's claims in this case.

Because specific jurisdiction depends on the defendant's contacts, and because those contacts must relate to the cause of action in the case in which the court seeks to impose personal jurisdiction *and* to the forum, the Court lacks specific jurisdiction over PNCB.

**C.     The Declaratory Judgment Act is not an independent basis for jurisdiction.**

Lastly, though not directly related to the personal jurisdiction issue, Plaintiff incorrectly cites 28 U.S.C. § 2201 as a basis for the Court's subject matter jurisdiction. Pl.'s Resp. at 2; Pl.'s Comp. for Decl. Relief at 2 ¶ 5 (filed Sept. 24, 2019) [Doc. No. 1].  "[T]he Declaratory Judgments Act is not an independent source of federal [subject matter] jurisdiction." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).

**WHEREFORE**, PNCB respectfully requests that the Court grant its Motion to Dismiss, dismiss the claims against PNCB, and grant PNCB such other relief as the Court deems proper.

        Respectfully submitted,

        */s/ Christopher B. Trowbridge*
        Christopher B. Trowbridge
        **BELL NUNNALLY & MARTIN LLP**
        2323 Ross Avenue, Suite 1900
        Dallas, Texas 75201
        Telephone: (214) 740-1400
        ctrowbridge@bellnunnally.com

        and

        Marc J. Weinstein
        marc@mjweinsteinlaw.com
        **MARC J. WEINSTEIN PLLC**
        41 University Drive, Suite 400
        Newtown, PA 18940
        Telephone: (215) 847-3319

        **ATTORNEYS FOR DEFENDANT PEDIATRIC NURSING CERTIFICATION BOARD**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon the counsel listed below in the manner on the date indicated.

**VIA ELECTRONIC FILING**

Jeffrey C. Ruebel
Ruebel & Quillen LLC
8461 Turnpike Drive, Suite 206
Westminster, Colorado 80031
jeffrey@rq-law.com

**DATED** this the 17th day of January 2020.

        */s/ Christopher B. Trowbridge*
        Christopher B. Trowbridge

4899098_1.docx/12185.00002